UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NAEEM BROWN,

                                            Plaintiff,      **AMENDED COMPLAINT**

                -against-

                                                               08 CV 5095 (FB) (MDG)

THE CITY OF NEW YORK, P.O. EVAGELOS
DIMITRAKAKIS, P.O. BOBBY MOHIP, LT. GERALD
FERGUSON, SGT. LAWRENCE FIORELLO, P.O.      **JURY TRIAL DEMANDED**
ALEXANDER WANCEL, and P.O.s JOHN and JANE
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                            Defendants.

------------------------------------------------------------------------X

       Plaintiff NAEEM BROWN, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff NAEEM BROWN is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. EVAGELOS DIMITRAKAKIS, P.O. BOBBY MOHIP, LT. GERALD FERGUSON, SGT. LAWRENCE FIORELLO, P.O. ALEXANDER WANCEL, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On November 16, 2006, at approximately 11:45 a.m., plaintiff NAEEM BROWN was lawfully present in front of a bodega at the corner of 101st Street and Northern Boulevard, in the County of Queens, in the City and State of New York.

14. At aforesaid time and place, plaintiff NAEEM BROWN became aware that he was being stared at by members of the New York City Police Department.

15. Plaintiff NAEEM BROWN became alarmed and left the corner.

16. When plaintiff NAEEM BROWN was several blocks away, he was suddenly accosted by members of the New York City Police Department.

17. Defendants threw plaintiff NAEEM BROWN to the ground, causing physical injuries.

18. Defendants handcuffed plaintiff NAEEM BROWN and placed him under arrest on drug charges, despite defendants' knowledge that they lacked probable cause to do so.

19. Defendants transported plaintiff NAEEM BROWN to the 115th Precinct of the New York City Police Department in Queens, New York.

20. While at the 115th Precinct, plaintiff NAEEM BROWN was subjected to an unlawful strip search.

21. Plaintiff NAEEM BROWN was then transported to Queens Central Booking.

22. At plaintiff NAEEM BROWN's arraignment, bail was set at $10,000 because of defendants' false statements.

23. Plaintiff NAEEM BROWN was unable to make bail and was sent to Riker's Island pending trial.

24. Defendants initiated criminal proceedings against plaintiff NAEEM BROWN despite defendants' knowledge that they lacked probable cause to do so.

25. During the period between November 16, 2006 and December 14, 2007, plaintiff NAEEM BROWN was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

26. On or about December 14, 2007, plaintiff NAEEM BROWN was acquitted of all charges.

27. Plaintiff NAEEM BROWN was held and detained in custody for approximately thirteen months.

28. As a result of the foregoing, plaintiff NAEEM BROWN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff NAEEM BROWN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth,

Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     As a result of the aforesaid conduct by defendants, plaintiff NAEEM BROWN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

37.     As a result of the foregoing, plaintiff NAEEM BROWN's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Each and every individual defendant had an affirmative duty to intervene on plaintiff NAEEM BROWN's behalf to prevent the violation of his constitutional rights.

40. The individual defendants failed to intervene on plaintiff NAEEM BROWN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

41. As a result of the aforementioned conduct of the individual defendants, plaintiff NAEEM BROWN's constitutional rights were violated and he was subjected to a false arrest and malicious prosecution.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants misrepresented and falsified evidence before the District Attorney.

44. Defendants did not make a complete and full statement of facts to the District Attorney.

45. Defendants withheld exculpatory evidence from the District Attorney.

46. Defendants misrepresented and falsified evidence before the Grand Jury.

47. Defendants did not make a complete and full statement of facts to the Grand Jury.

48. Defendants withheld exculpatory evidence from the Grand Jury.

49. Defendants were directly and actively involved in the initiation of criminal

proceedings against plaintiff NAEEM BROWN.

50. Defendants lacked probable cause to initiate criminal proceedings against plaintiff NAEEM BROWN.

51. Defendants acted with malice in initiating criminal proceedings against plaintiff NAEEM BROWN.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff NAEEM BROWN.

53. Defendants lacked probable cause to continue criminal proceedings against plaintiff NAEEM BROWN.

54. Defendants acted with malice in continuing criminal proceedings against plaintiff NAEEM BROWN.

55. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

56. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff NAEEM BROWN's favor on December 14, 2007, when he was acquitted of all charges against him.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants issued legal process to place plaintiff NAEEM BROWN under arrest.

59. Defendants arrested plaintiff NAEEM BROWN in order to obtain a collateral objective outside the legitimate ends of the legal process.

60. Defendants acted with intent to do harm to plaintiff NAEEM BROWN without

excuse or justification.

## SIXTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff NAEEM BROWN's constitutional rights.

63. As a result of the aforementioned conduct of defendants, plaintiff NAEEM BROWN was subjected to excessive force and sustained physical injuries.

## SEVENTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants strip-searched plaintiff NAEEM BROWN in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

66. As a result of the foregoing, plaintiff NAEEM BROWN was subjected to an illegal and improper strip search.

67. The foregoing unlawful strip search violated plaintiff NAEEM BROWN's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## EIGHTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants created false evidence against plaintiff NAEEM BROWN.

70.     Defendants forwarded false evidence to prosecutors in the Queens County District Attorney's Office.

71.     Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

72.     In creating and forwarding false information to prosecutors, defendants violated plaintiff NAEEM BROWN's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### NINTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants arrested and incarcerated plaintiff NAEEM BROWN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

75.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

76.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

77. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

    b) manufacturing evidence against individuals allegedly involved in drug transactions;

    c) strip-searching prisoners in the absence of any individualized reasonable suspicion; and

    d) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

78. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651; and

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139.

79. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff NAEEM BROWN.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NAEEM BROWN as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff NAEEM BROWN as alleged herein.

83. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff NAEEM BROWN was falsely arrested and incarcerated.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff NAEEM BROWN.

85. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff NAEEM BROWN's constitutional rights.

86. All of the foregoing acts by defendants deprived plaintiff NAEEM BROWN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B.  To be free from seizure and arrest not based upon probable cause;

    C.  Not to have excessive force imposed upon him;

    D.  To be free from unlawful search;

    E.  To be free from unwarranted and malicious criminal prosecution;

    F.  To be free from malicious abuse of process;

    G.  Not to have cruel and unusual punishment imposed upon him; and

    H.  To receive equal protection under the law.

  87.  As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

## PENDANT STATE CLAIMS

  88.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

  89.  On or about March 7, 2008, and within ninety (90) days after the claim for malicious prosecution herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

  90.  The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

  91.  The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on June 4, 2008.

92. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

93. Plaintiff has complied with all conditions precedent to maintaining the instant action.

94. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. On or about November 16, 2006, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff NAEEM BROWN, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

97. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff NAEEM BROWN had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

98. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff NAEEM BROWN.

99. Defendants lacked probable cause to initiate criminal proceedings against plaintiff NAEEM BROWN.

100. Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff NAEEM BROWN.

101. Defendants misrepresented and falsified evidence before the District Attorney.

102. Defendants did not make a complete and full statement of facts to the District

Attorney.

103. Defendants withheld exculpatory evidence from the District Attorney.

104. Defendants misrepresented and falsified evidence before the Grand Jury.

105. Defendants did not make a complete and full statement of facts to the Grand Jury.

106. Defendants withheld exculpatory evidence from the Grand Jury.

107. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff NAEEM BROWN.

108. Defendants lacked probable cause to continue criminal proceedings against plaintiff NAEEM BROWN.

109. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff NAEEM BROWN.

110. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff NAEEM BROWN's favor on December 14, 2007, when he was acquitted of all charges against him.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

111. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff NAEEM BROWN.

113. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. EVAGELOS DIMITRAKAKIS, P.O. BOBBY MOHIP, LT. GERALD FERGUSON, SGT. LAWRENCE FIORELLO, P.O.

ALEXANDER WANCEL, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

114. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff NAEEM BROWN.

116. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

**WHEREFORE**, plaintiff NAEEM BROWN demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         June 1, 2009

                                                    _____/s_____
                                                    ROSE M. WEBER (RW 0515)
                                                    225 Broadway, Suite 1607
                                                    New York, NY 10007
                                                    (212) 748-3355