UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

NAEEM BROWN,

                 Plaintiff,

                             <u>ORDER</u>

       - against -

                             CV 2008-5095 (FB)(MDG)

CITY OF NEW YORK, <u>et</u> <u>al</u>.,

                 Defendants.

- - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    By letter motion filed on March 24, 2010 (ct. doc. 19),
plaintiff Naeem Brown moves to compel the production of the
complete unredacted Internal Affairs Bureau ("IAB") file relating
to an incident involving certain of the defendant police officers.
The defendants produced a case summary for this incident but object
to production of the full IAB file and the name of the complainant.
<u>See</u> ct. docs. 20, 21.  Following a motion hearing, the defendants
submitted a copy of the entire IAB file for <u>in</u> <u>camera</u> review.

<u>DISCUSSION</u>

    A party is permitted to "obtain discovery regarding any
nonprivileged matter that is relevant to any party's claim or
defense" and, upon a showing of "good cause," to have a court
"order discovery of any matter relevant to the subject matter
involved in the action."  Fed. R. Civ. P. 26(b)(1).  "Relevant
information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "'Relevance' under Rule 26 'has been broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" Convermat Corp. v. St. Paul Fire & Marine Ins. Co., No. CV 06-1045, 2007 WL 2743696, at *1 (E.D.N.Y. Sept. 18, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). However, in discussing the import of the 2000 amendment to Rule 26(b)(1) narrowing the scope of discovery, the Advisory Committee noted that "[t]he rule change signals to the court that it has authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments. When broader discovery is sought, the Court should determine the scope "according to the reasonable needs of the action, ... depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." Id.

The IAB complaint at issue involves the allegation that the two of the defendant officers lied about finding drugs during a search of the complainant's person and used excessive force on him. The plaintiff argues that the IAB file is discoverable because it contains allegations of conduct similar to the allegations in the complaint that the defendant officers lied

about observing plaintiff selling drugs and subjected him to
excessive force.  He also claims the file is relevant because it
contains allegations of dishonesty on the part of the defendant
officers.  Ct. doc. 19 at 2.  Besides arguing that the facts
underlying the IAB complaint are too dissimilar to show a pattern
of relevant conduct, the defendants object to the disclosure of
the complainant's identity on the grounds that it would violate
his privacy rights.

Under Rule 404(b) of the Federal Rules of Evidence, the
introduction of other wrongful acts is permitted for any relevant
purpose other than to show propensity to commit the act in
question.  See Ismail v. Cohen, 899 F.2d 183, 188 (2d Cir. 1990);
United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986).
Records concerning the investigation of complaints of a similar
nature against a police officer defendant in a section 1983 case
may lead to the discovery of evidence "relevant to issues of
pattern, intent, and absence of mistake." Barrett v. City of New
York, 237 F.R.D. 39, 41 (E.D.N.Y. 2006); Wisniewski v. Claflin,
2007 WL 1120464, at *4-*5 (E.D.N.Y. Apr. 16, 2007); see Ismail,
899 F.2d at 189.  While the one incident that formed the basis
for the IAB complaint may not be so unusual or distinctive as to
show a pattern akin to a modus operandi, I find that the incident
as discussed in the IAB documents is sufficiently similar and
close in time to be relevant to the defendants' state of mind.
See United States v. Nelson, 137 F.3d 1094, 1107 (9th Cir. 1998)
("a much lower degree of similarity is required to prove a state
of mind than to prove identity"); United States v. LeCompte, 99

F.3d 274, 278 (8th Cir. 1996); 2 <u>Weinstein's Federal Evidence</u>
§ 404.22(1)(c) ("[t]he degree of similarity, however, will depend
on the theory under which the evidence is offered").  Evidence
that the defendants planted drugs on him and used excessive force
five months after the defendants allegedly lied about witnessing
the plaintiff's participation in a drug deal and used excessive
force would be probative of the defendants' intent or absence of
mistake.  <u>See</u> <u>Frails v. City of New York</u>, 236 F.R.D. 116, 117
(E.D.N.Y. 2006); <u>Pacheo v. City of New York</u>, 234 F.R.D. 53, 55
(E.D.N.Y. 2006); <u>Lombardo v. Stone</u>, 2002 U.S. Dist. LEXIS 1267,
at *20-*22 (S.D.N.Y. Jan. 29, 2002); <u>see also</u> <u>O'Neill v.
Krzeminski</u>, 839 F.2d 9, 11 & n.1 (2d Cir. 1988) (prior acts of
excessive force relevant to show intent in section 1983 case);
<u>United States v. Ross</u>, 321 F.2d 61, 67 (2d Cir. 1963) (proper to
rebut claim of ignorance by showing that defendant had sold
similarly worthless stocks by similar methods).

Plaintiff also seeks disclosure of the IAB file because it
contains allegations of dishonesty.  Rule 608 provides that
evidence of specific instances of a witness' conduct concerning
the witness' character for truthfulness may be used to attack his
credibility on cross-examination.  Fed. R. Evid. 608.  The
defendants' alleged planting of drugs on the complainant is
relevant to their character for truthfulness.  Although extrinsic
evidence may not be used to prove the defendants' misconduct,
plaintiff's counsel could use information obtained from the
complainant for cross-examination.  <u>See</u> <u>Zhao v. City of New York</u>,
2007 WL 4205856, at *2 (S.D.N.Y. Nov. 21, 2007) (CCRB and IAB

complaints involving allegations of dishonesty are discoverable as potential impeachment material); Barrett, 237 F.R.D at 40 ("CCRB files that . . . are relevant to an officer's propensity to tell the truth[] will be permitted for discovery purposes"); Bradley v. City of New York, No. 04 CIV 8411, 2005 WL 2508253, at *2 (S.D.N.Y. Oct. 3, 2005) (CCRB complaints may influence an assessment of credibility of officers); Lombardo, 2002 U.S. Dist. LEXIS 1267, at *24-*25; see also Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments ("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims and defenses, might be properly discoverable").

As for the defendants' concerns regarding the privacy of the non-party complainant, an appropriate confidentiality order will adequately protect the non-party's interests.  See Gibbs v. City of New York, 243 F.R.D. 95, 96 (S.D.N.Y. 2007).  Indeed, pursuant to a protective order entered by this court on December 14, 2009, the personal and identifying information of civilian witnesses, including addresses and telephone numbers but excluding names, is to be kept confidential for "attorneys' eyes only." See ct. doc. 16-1 at ¶ 9.  Since there is no reason to believe that plaintiff's counsel will not proceed in a professional and ethical manner should she contact the witness, concerns of privacy are not a reason not to prevent disclosures.

Plaintiff also seeks the IAB to contact the complainant to learn more about the facts underlying his complaint and to inquire as to whether he knows other people who have experienced

similar treatment by the defendants.  Ct. doc. 19 at 2.  While I
agree with the plaintiff that the identity of the complainant is
discoverable because he may have relevant evidence, <u>see</u> <u>Barrett</u>,
237 F.R.D. at 41; <u>Pacheo</u>, 234 F.R.D. at 54-55, this Court
disagrees with plaintiff with the propriety of asking the witness
whether he knows of other individuals from his neighborhood who
have similar experience with the defendants.  That is not more
than a "pure speculation that amount to nothing more than a
'fishing expedition' into actions or past wrongdoing not related
to the alleged claims or defenses." <u>Collens v. City of New York</u>,
222 F.R.D. 249, 253 (S.D.N.Y. 2004).  If such discovery were
permitted against defendants, then defendants arguably would have
the right to conduct discovery regarding people who have had
contact with plaintiff and inquire as to they have observed
instances where plaintiff was dishonest or had contact with
drugs.  Clearly, that is not what Rule 26 permits.

CONCLUSION

For the foregoing reasons, the plaintiffs' motion to compel
is granted.  The defendants must produce the IAB file by October
14, 2011.  Paragraph 2 of the stipulation and protective order
previously approved by the Court (ct. doc. 14) is modified to
include within the definition of "Confidential Materials" the IAB
file to be disclosed.

**SO ORDERED.**

Dated:     Brooklyn, New York
           September 30, 2011
                                    ___/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE