UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------
x
NAEEM BROWN,

          Plaintiff,

  -against-

THE CITY OF NEW YORK, New York
City Police Department Officer
("P.O.") EVAGELOS
DIMITRAKAKIS, and P.O. BOBBY
MOHIP,

          Defendants.
---------------------------------------------------
x

**MEMORANDUM AND ORDER**
08-CV-5095 (FB) (MDG)

*Appearances:*
*For the Plaintiff:*
ROSE M. WEBER, ESQ.
225 Broadway, Suite 1608
New York, NY 10007

*For Defendants:*
MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007

By:   MORGAN D. KUNZ, ESQ.
        Senior Counsel
        Special Federal Litigation Division

**BLOCK, Senior District Judge:**

        In a prior memorandum and order, the Court granted defendants' motion for summary judgment on plaintiff's claim for malicious prosecution. *See Brown v. City of New York*, 2013 WL 1338785, at *7 (E.D.N.Y. Apr. 1, 2013).[1] Plaintiff now moves for reconsideration on the ground that the Court overlooked the Second Circuit's decision in

---

[1] The motion was denied as to plaintiff's remaining claims. *See Brown*, 2013 WL 1338785, at *7.

*Boyd v. City of New York*, 336 F.3d 72 (2d. Cir. 2003).

A grand jury indictment creates a rebuttable presumption of probable cause, which is fatal to a claim of malicious prosecution. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). The presumption may be overcome, however, by evidence of "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)).

The Court concluded that plaintiff's denial of wrongdoing was insufficient to create a reasonable inference that the arresting office had fabricated the grounds for his prosecution. *See Brown*, 2013 WL 1338785, at *4 ("[Plaintiff is required] to rebut this presumption using 'evidence sufficient for a reasonable jury to find that his indictment was procured as a result of police conduct undertaken in bad faith.'" (quoting *Savino*, 331 F.3d at 73. In so holding, the Court cited *Simmons v. New York City Police Dep't*, 97 F. App'x 341 (2d Cir. 2004), in support of the proposition that "a plaintiff's own testimony is insufficient to rebut the presumption of probable cause." *Brown*, 2013 WL 1338785, at *4.

The Court did not overlook *Boyd*, in which the plaintiff was prosecuted based on his admission that he had purchased stolen property. *See* 336 F.3d at 77. The arresting officers averred that the statement had been made prior to the plaintiff's arrest, which had taken place outside his apartment, while the plaintiff averred that the statement had been made following his arrest (and without *Miranda* warnings), which had taken place inside his apartment. *See id.* The Second Circuit held that this factual dispute was sufficient to overcome the presumption of probable cause at the summary judgment stage, noting that the arresting officers' averments were inconsistent with written records reflecting that the

2

arrest took place inside. *See id.* "When we consider the booking sheet and Boyd's testimony in combination with the police testimony," the court explained, "we move beyond a simple conflict of stories or mistaken memories, and into the possibility that the police knew where they arrested Boyd, but lied in order to secure an indictment." *Id.*

The Court summarized *Boyd* as holding that "a plaintiff may be able to rebut the presumption [of probable cause] by pointing to discrepancies in the official documents." *Brown*, 2013 WL 1338785, at *4. That reading is consistent with the Second Circuit's in *Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010):

> Where there is some indication *in the police records* that, as to a fact crucial to the existence of probable cause, the arresting officers may have "lied in order to secure an indictment," and "a jury could reasonably find that the indictment was secured through bad faith or perjury," the presumption of probable cause created by the indictment may be overcome.

*Id.* at 162 (quoting *Boyd*, 336 F.3d at 77) (emphasis added).

In sum—and as the Court's prior memorandum and order recognized—*Boyd* controls when the plaintiff's version of events is corroborated by some modicum of objective evidence. Since that is not the case here, the motion for reconsideration is denied.

**SO ORDERED.**

_/s/ Frederic Block___

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September _20_, 2013

3