UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------
x
NAEEM BROWN,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, New York
City Police Department Officer
("P.O.") EVAGELOS
DIMITRAKAKIS, and P.O. BOBBY
MOHIP,

              Defendants.
---------------------------------------------------
x

**MEMORANDUM AND ORDER**

08-CV-5095 (FB) (MDG)

*Appearances:*
*For the Plaintiff:*
ROSE M. WEBER, ESQ.
225 Broadway, Suite 1608
New York, NY 10007

*For Defendants:*
ZACHARY W. CARTER, ESQ.
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007

By:    MORGAN D. KUNZ, ESQ.
        Senior Counsel
        Special Federal Litigation Division

**BLOCK, Senior District Judge:**

      Defendants move *in limine* to preclude plaintiff, Naeem Brown, from claiming damages for the post-indictment deprivation of his liberty. For the following reasons, the motion is denied.

      "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------
x
NAEEM BROWN,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, New York
City Police Department Officer
("P.O.") EVAGELOS
DIMITRAKAKIS, and P.O. BOBBY
MOHIP,

                    Defendants.
--------------------------------------------------
x

**MEMORANDUM AND ORDER**

08-CV-5095 (FB) (MDG)

*Appearances:*
*For the Plaintiff:*
ROSE M. WEBER, ESQ.
225 Broadway, Suite 1608
New York, NY 10007

*For Defendants:*
ZACHARY W. CARTER, ESQ.
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007

By:     MORGAN D. KUNZ, ESQ.
         Senior Counsel
         Special Federal Litigation Division

**BLOCK, Senior District Judge:**

          Defendants move *in limine* to preclude plaintiff, Naeem Brown, from claiming

damages for the post-indictment deprivation of his liberty. For the following reasons, the

motion is denied.

          "When a police officer creates false information likely to influence a jury's

decision and forwards that information to prosecutors, he violates the accused's

constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). Probable cause is not a defense to such a claim. *See Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003). Although originally described as a denial of the right to a fair trial, subsequent cases have clarified that the injury suffered is a deprivation of liberty without due process:

> The liberty deprivation is the eight months [plaintiff] was confined, from his bail revocation (after his arrest) to his acquittal, and the due process violation is the manufacture of false evidence. The complaint alleges that the deprivation of the liberty interest was the result of the due process violation.

*Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000).[1]

Officers are entitled to absolute immunity from § 1983 liability based on their trial testimony, *see Briscoe v. LaHue*, 460 U.S. 325, 326 (1983), and on their grand jury testimony, *see Rehberg v. Paulk,* 132 S. Ct. 1497, 1506 (2012). They are not, however, absolutely immune from liability based on fabrication of evidence outside of those contexts. *See, e.g., Rentas v. Ruffin*, 2013 WL 4498668, at *4 n.1 (S.D.N.Y. 2013) ("Plaintiff argues that Defendants lied to the prosecutors in an attempt to goad prosecutors to bring a case against him. The Supreme Court has found that this type of claim is viable[.]" (citing *Rehberg*, 132 S. Ct. at 507 n. 1)).

Brown wishes to argue that he would not have been prosecuted—and, as a

---

[1] Brown asks the Court to describe this claim to the jury as a claim based on a deprivation of liberty due to fabrication of evidence rather than on a violation of the right to a fair trial. The Court agrees that Brown's proposed description is more apt and less like to confuse the jury.

constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). Probable cause is not a defense to such a claim. *See Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003). Although originally described as a denial of the right to a fair trial, subsequent cases have clarified that the injury suffered is a deprivation of liberty without due process:

> The liberty deprivation is the eight months [plaintiff] was confined, from his bail revocation (after his arrest) to his acquittal, and the due process violation is the manufacture of false evidence. The complaint alleges that the deprivation of the liberty interest was the result of the due process violation.

*Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000).[1]

Officers are entitled to absolute immunity from § 1983 liability based on their trial testimony, *see Briscoe v. LaHue*, 460 U.S. 325, 326 (1983), and on their grand jury testimony, *see Rehberg v. Paulk,* 132 S. Ct. 1497, 1506 (2012). They are not, however, absolutely immune from liability based on fabrication of evidence outside of those contexts. *See, e.g., Rentas v. Ruffin*, 2013 WL 4498668, at *4 n.1 (S.D.N.Y. 2013) ("Plaintiff argues that Defendants lied to the prosecutors in an attempt to goad prosecutors to bring a case against him. The Supreme Court has found that this type of claim is viable[.]" (citing *Rehberg*, 132 S. Ct. at 507 n. 1)).

Brown wishes to argue that he would not have been prosecuted—and, as a

---

[1]Brown asks the Court to describe this claim to the jury as a claim based on a deprivation of liberty due to fabrication of evidence rather than on a violation of the right to a fair trial. The Court agrees that Brown's proposed description is more apt and less like to confuse the jury.

result, detained for 13 months—had Officer Dimitrakakis not lied to prosecutors about what he observed.  Because that argument does not rely on Officer Dimitrakakis's grand jury or trial testimony, neither *Briscoe* nor *Rehberg* forecloses it.   Whether Officer Dimitrakakis lied to prosecutors and, if so, whether those lies brought about the decision to prosecute are matters for the jury.

**SO ORDERED.**


　/S/Frederic Block　
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 24, 2014

result, detained for 13 months—had Officer Dimitrakakis not lied to prosecutors about what he observed.  Because that argument does not rely on Officer Dimitrakakis's grand jury or trial testimony, neither *Briscoe* nor *Rehberg* forecloses it.   Whether Officer Dimitrakakis lied to prosecutors and, if so, whether those lies brought about the decision to prosecute are matters for the jury.

**SO ORDERED.**


 /S/Frederic Block 
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 24, 2014